O. L. Packard Machinery Company, Appellant, vs.
Schweiger, Respondent.

*September 15—October 3, 1911.*

*Sales: Fraud: Mistake: Opinion as to size: Negligent reliance thereon
by vendee.*

A statement made in good faith by plaintiff's agent, upon being
shown a bolt such as defendant was using and wished to buy,
that it was of a certain size, was a mere expression of opinion
upon which defendant had no right to rely without measuring
the bolt; and having bought, specifically and not by sample, a
quantity of bolts of the size named, defendant is liable therefor,
although they were not of the same size as the one shown to
the agent.

- Appeal from a judgment of the county court of Jefferson
county: Charles B. Rogers, Judge. *Reversed.*

This is an action to recover the selling price of a quantity
of bolts which were sold and delivered to the defendant under
the terms of a contract which is evidenced by letters which
passed between the parties. The court made findings of facts
as follows:

"1. That Mr. Bull, who was the agent of the plaintiff,
called on the defendant, and tried to sell him some bolts; that
the defendant showed him the bolt he was using; that the
plaintiff's agent told him it was a 3-16 inch bolt, innocently
supposing that to be its real size. That, whether the plaint-
iff's agent took the bolt with him or not, neither side after-
ward referred to it, and the sale was not made by sample.
That such bolt was a 3-8 inch bolt. That said plaintiff's
agent wrote to the plaintiff herein asking them to quote the
defendant prices on 3-16 x 2-inch bolts. That the plaintiff
did so, and the defendant, relying on the statement of the
plaintiff's agent, Mr. Bull, that it was a 3-16 inch bolt shown
him, ordered the bolts in question. That the bolts shipped to
the defendant were 3-16 x 2-inch, commercially correct bolts.
That plaintiff had no knowledge of such representations of
their agent, Bull, at the time they were made or any time

previous to their shipment of the goods to the defendant, nor until the defendant's letter of November 27, 1907.   That the defendant was ignorant of the size of the bolt that he showed the plaintiff's agent, Bull.   That the defendant could not use a bolt as small as 3-16 x 2 inches in his business."

The purchase of the bolts by the defendant from the plaintiff was effected by correspondence in which the plaintiff at the request of its agent, Mr. Bull, offered to sell the defendant 8,000 3-16 x 2-inch carriage bolts with thumb nuts at $8.20 per thousand.   Defendant upon the receipt of this offer replied: "You can ship us the 5,000 bolts with wing nuts 3-16 x 2 inches at once."   The defendant testified that before negotiating with the plaintiff's representative, Mr. Bull, he showed him a bolt he had in stock and that Mr. Bull then stated that it was a 3-16 inch bolt, and that he relied on that statement in making the purchase disclosed by the correspondence.

Judgment was ordered for the defendant upon the facts as found by the court upon the ground that the facts showed constructive fraud practiced upon the defendant.   This is an appeal from the judgment so ordered.

The cause was submitted for the appellant on the brief of *Warren H. Porter,* and for the respondent on that of *Mistele & Smith.*

SIEBECKER, J.   The court held that the opinion expressed by the plaintiff's agent, Mr. Bull, to the defendant before any correspondence took place between the parties, that the bolt shown the agent by the defendant was a 3-16 inch bolt, constituted a representation on which the defendant had a right to rely in making the purchase and that its falsity operated to defraud the defendant.   It is clear that the evidence does not permit of such an inference.   It is obvious that it was equally within the means of the defendant and the plaintiff's agent. before the bolts were ordered, readily to ascertain the size of

the bolt defendant exhibited to the plaintiff's agent. It is apparent from the circumstances disclosing what occurred at the time that the plaintiff's agent was merely expressing his opinion of the size of the bolt shown him by the defendant, and that the defendant was not justified in relying on such opinion as the actual size of the bolts he needed in his business and desired to purchase. Knowledge of the actual size of the exhibited bolt was readily open to the defendant by applying any simple and ordinary means of measuring it. Nor does the evidence tend to show that the defendant was hindered or prevented through artifice or otherwise from acquiring accurate knowledge of this fact. The conclusion is inevitable that the defendant failed to act with that care and prudence the situation demanded to inform himself on the subject of his purchase, and hence he cannot complain of having ordered a kind of bolts different from those he had theretofore used. Upon these considerations the judgment dismissing the complaint cannot be sustained. Upon the record the plaintiff is entitled to recover the purchase price of the goods delivered. .

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to award the plaintiff judgment for the purchase price of the bolts delivered, with interest thereon, and for costs.

BARNES, J., took no part.